# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARINA CALOVE,

　　Plaintiff

　　v.

NATIONSTAR MORTGAGE, LLC

　　Defendant

Case No.: 2:14-cv-01329-JAD-NJK

**Order Granting Defendant Nationstar's Motion to Set Aside Clerk's Entry of Default [Doc. 11] and Denying Plaintiff's Motion for Default Judgment [Doc. 12]**

　　Plaintiff Marina Calove filed her complaint against defendant Nationstar Mortgage on August 14, 2014. Doc. 1. In it, she alleges three federal claims under the Fair Debt Collection Practices Act and Fair Credit Reporting Act, as well as two tort claims: invasion of privacy and "negligent, wanton and/or intentional hiring supervision [sic] of incompetent employees." *Id*. But there was apparently some confusion at Nationstar about whether a response to the complaint was due and by when. Having resolved that confusion, Nationstar requests that I set aside the clerk's entry of default issued against it on September 12, 2014. Doc. 11. Mindful of the public policy in favor of resolving cases on their merits, and finding that Nationstar has several potentially legitimate defenses to assert, I grant its motion and deny as moot Calove's motion for default judgment. Doc. 12.

## Discussion

　　Fed. R. Civ. Proc. 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this failure is "shown by affidavit or otherwise," the clerk must enter that party's default.[1] "The court may set aside an entry of default for good cause."[2] "Good cause" is determined through three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether reopening the case would cause prejudice to the

---

[1] Fed. R. Civ. Proc. 55(a).

[2] *Id.* at 55(c).

1

Plaintiff, and (c) whether there is a meritorious defense.[3]  This test is disjunctive: proof of any one of these factors may justify setting aside the default.[4]  Overarching all of these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits,[5] with doubts resolved in favor of setting aside the default.[6]

Good cause exists to set aside the clerk's entry of default against Nationstar. Nationstar's failure to respond to Calove's complaint was free of the "bad faith"[7] needed for "culpable conduct": according to the declaration of its counsel, Allison R. Schmidt, Nationstar simply relied on some bad information about how the complaint was being served and whether—and when—a response would be required.[8]  In addition, reopening the case would not cause prejudice to Calove, because the case was only at a nascent stage when default was entered and no evidence has been lost in the meantime.  Most importantly, Nationstar has several potentially meritorious defenses to assert, including (1) that it is not a debtor but rather a creditor, making it immune from suit under the Fair Debt Collection Practices Act[9]; (2) that as Calove's creditor, it had authorized access to Calove's social security number and so could not have invaded her privacy by obtaining that information; and (3) that all it did was report accurate information about Calove to three credit report agencies, an action permitted under the Fair Credit Reporting Act.

Any one of these reasons would be sufficient to find good cause to set aside the clerk's entry of default; together, they make a particularly persuasive case. Because I grant

---

[3] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[4] *See Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

[5] *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

[6] *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

[7] *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 ("[T]o treat a failure to answer as culpable, the movant must have acted with bad faith.").

[8] Doc. 11-1 at ¶3-8.

[9] *Gallegos v. Recontrust Co.*, WL 215406 (S.D. Cal. 2009) ("To be liable for a violation of the [Fair Debt Collection Practices Act], the defendant must—as a threshold requirement—be a 'debt collector' within the meaning of the Act[].")

Nationstar's motion to set aside the default, I deny Calove's motion for default judgment as moot.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nationstar's Motion to Set Aside Clerk's Entry of Default **[Doc. 11] is GRANTED**.  The clerk of court is directed to set aside the default against Nationstar **[Doc. 10]**. Nationstar has 10 days to answer or otherwise respond to the complaint.

It is FURTHER ORDERED that Plaintiff Calove's Motion for Default Judgment **[Doc. 12] is DENIED.**

DATED: October 17, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE