UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARINA CALOVE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>　　　　Defendant. | Case No.: 2:14-cv-1329-JAD-NJK<br><br>**Order Denying Motion to Vacate**<br>**(Doc. 19)** |

　　　　On October 17, 2014, I granted defendant Nationstar's motion to set aside the clerk's entry of default issued against it about a month earlier.[1] I found that there was good cause under Rule 55: having simply misunderstood when its answer to the complaint would be due, Nationstar had not engaged in any "culpable conduct"; nor, I concluded, would reopening the case, which was still in its infancy, cause any prejudice; and most importantly, Nationstar had several meritorious defenses to assert.[2]

　　　　Plaintiff Marina Calove, who is proceeding pro se, now requests that I vacate my order.[3] But she does not offer any argument or legal authority that might suggest I improperly used my discretion in that order to set aside the default against Nationstar. Nor does she address the high standard she must meet to be granted the "extraordinary remedy"[4] of reconsideration. Only three bases exist for reconsideration: newly discovered evidence, clear error, and an intervening change in the controlling

---

[1] *See* Docs. 8, 17.

[2] *See* Doc. 17 (applying the three factors consider when determining good cause under Rule 55); *see also Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) (identifying the three factors courts should consider when determining good cause under Rule 55).

[3] *See* Doc. 19.

[4] *Carroll v. Nakatani*, 342 F.2d 713, 715 (9th Cir. 2003).

law.[5]  Calove identifies none of these.  I therefore deny her motion to vacate.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Marina Calove's Motion to Vacate (**Doc. 19**) is **DENIED**.

DATED June 26, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).