1
2
3
4
5
6                              **UNITED STATES DISTRICT COURT**
7                                    **DISTRICT OF NEVADA**
8
9   MARINA CALOVE,                           )
                                             )        Case No. 2:14-cv-01329-JAD-NJK
            Plaintiff(s),                    )
10                                           )        ORDER GRANTING MOTION TO
    vs.                                      )        DISMISS WITH LEAVE TO AMEND
11                                           )
    NATIONSTAR MORTGAGE, LLC,                )
12                                           )        (Docket No. 21)
            Defendant(s).                    )
13  _____ )

14          Pending before the Court is Defendant's Motion to Dismiss.  Docket No. 21.  Plaintiff filed a

15  response in opposition and Defendant filed a reply.  Docket Nos. 25, 26.  This motion has been referred

16  to the undersigned by the assigned district judge.  The Court finds the motion properly resolved without

17  oral argument.  *See* Local Rule 78-2.  Having reviewed the materials submitted and for the reasons

18  discussed below, the Court hereby **GRANTS** the motion to dismiss with leave to amend.[1]

19  **I.      BACKGROUND**

20          Plaintiff is the owner of the property located in Henderson, Nevada, which she originally

21  purchased in 1999 for $172,054.  Docket No. 21-1.  On July 30, 2002, Plaintiff quitclaimed the property

22  to her daughter.  *See* Docket No. 21-2.  In September 2004, Plaintiff "repurchased" the home from her

23  daughter for $370,000.  Docket No. 21-3.  On October 5, 2005, Plaintiff executed a promissory note for

24  $333,750, which was secured by a first deed of trust for the benefit of First Mortgage Corporation.

25  _____

26          [1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), magistrate judges have the authority
    to dismiss a complaint with leave to amend as a non-dispositive matter.  *McKeever v. Block*, 932 F.2d 795,
27  797 (9th Cir. 1991); *see also Greene v. Greyhound Lines, Inc.*, 2015 WL 2168855, *1 (D. Nev. May 7, 2015)
    (expressly rejecting argument that dismissal with leave to amend is dispositive for these purposes).
28  Accordingly, this ruling is fashioned as an order rather than a report and recommendation.

1   Docket No. 21-4.  The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS")

2   as beneficiary and Hacienda Service Corporation as trustee.  *Id.*  The deed of trust further stated that the

3   servicer or beneficiary of the loan may change throughout the life of the loan.  *Id.* ¶ 20.

4        On October 7, 2009, MERS executed a Corporate Assignment of Deed of Trust assigning certain

5   of its rights and interests to Aurora Loan Services.  Docket No. 21-5.  The assignment was recorded on

6   July 1, 2010.  *Id.*  On September 18, 2012, MERS executed an Assignment of Deed of Trust assigning

7   certain of its rights and interests to Nationstar.  Docket No. 21-6.  The assignment was recorded on

8   September 25, 2012.  *Id.*[2]

9        On August 14, 2014, Plaintiff filed a complaint against Nationstar alleging claims for invasion

10  of privacy, negligent hiring and supervision of employees, violations of the Fair Credit Report Act, and

11  violations of the Fair Debt Collection Act.  Docket No. 1.  Nationstar now moves to dismiss Plaintiff's

12  claims pursuant to Rule 12(b)(6).  Docket No. 21.

13  **II.   APPLICABLE STANDARDS**

14       Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief

15  can be granted.[3]  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*

16  *v. Laboratory Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must

17  provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Rule

18  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require

19  detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation

20  of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts must accept

21  as true all well-pled factual allegations contained in the complaint, but the same requirement does not

22  _____

23      [2] Defendant attaches to its motion a number of documents that are part of the public record, and
requests that the Court take judicial notice of them.  The Court takes judicial notice of these documents as

24  matters of public record.  *E.g.*, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); *see also Cave v. Nat'l

25  Default Serv. Corp.*, 2015 WL 3832252, *1 n.3 (D. Nev. June 22, 2015) (taking judicial notice of similar
documents in ruling on motion to dismiss).  The consideration of these records dose not require converting

26  the motion to dismiss into a motion for summary judgment.  *See, e.g.*, *Shaw*, 56 F.3d at 1129 n.1  (citing

27  *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

28      [3] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

apply to legal conclusions. *Id.* at 678-79.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Moreover, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**III.    ANALYSIS**

As an initial matter, the Court notes that Plaintiff's complaint appears to have been largely cut-and-pasted from a form complaint filed by plaintiffs in other cases that have been rejected by those courts in ruling on motions to dismiss. *See Hernandez v. Wells Fargo Home Mortgage*, 2015 WL 1204985, *2 (D. Nev. Mar. 16, 2015) (Mahan, J.) (reviewing complaint that is identical in large part to the complaint in this case and noting that the complaint was largely identical to the complaint rejected in *O'Connor v. Capital One, N.A.*, 2014 WL 2215965 (N.D. Cal. May 29, 2014)).  Plaintiff's claims in this case fail for largely the same reasons identified by Judge Mahan in *Hernandez*.  Nonetheless, the Court will separately address each of Plaintiff's claims below.

A.    Federal Credit Reporting Act

Plaintiff's first cause of action is a claim for violation of the Federal Credit Reporting Act ("FCRA"), alleging that Defendant is a "credit furnisher" to which 15 U.S.C. § 1681s-2(b) applies.[4] Plaintiff alleges that Defendant reported inaccurate or erroneous information about her. *See* Compl. at ¶¶ 15, 21.  To state such a claim under the FCRA, the plaintiff must allege that (1) the furnisher provided inaccurate information to the credit reporting agency ("CRA"); (2) the CRA notified the furnisher of a

[4] The complaint also refers to 15 U.S.C. § 1681s-2(a), but no private right of action exists under that subsection. *See, e.g.*, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal and state agencies"); *see also Brady v. Wells Fargo Bank, N.A.*, 2014 WL 4206890, *5 (D. Nev. Aug. 25, 2014) ("to the extent Plaintiffs argue that [Defendant] violated subsection (a) by providing incomplete or inaccurate information to CRAs, they cannot state such a claim").  "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

dispute; and (3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information based on the information provided to it by the CRA. *Middleton v. Plus Four, Inc.*, 2014 WL 910351, *3 (D. Nev. Mar. 7, 2014) (citing *Gorman*, 584 F.3d at 1154). Plaintiff's complaint fails to state a claim under the FCRA for several reasons.

First, the Ninth Circuit has made clear that an actual inaccuracy must exist for the plaintiff to state a claim. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). While Plaintiff's complaint refers to inaccurate information being reported, the complaint fails to plead any facts regarding what information was erroneous. Moreover, to the extent Plaintiff contends the existence of a debt is the inaccuracy, the Court takes judicial notice of the documents indicating that a debt existed which renders the existence of the debt beyond reasonable dispute. *See Hernandez*, 2015 WL 1204985, at *3.

Second, as noted above, a claim under the FCRA requires the Plaintiff to allege that the CRA notified the furnisher of a dispute. Such an allegation is absent from Plaintiff's complaint, so Plaintiff's claim must fail because there is not an event triggering Defendant's duty under the FCRA. *Cf. Cave*, 2015 WL 3832252, at *3.

For these reasons, Plaintiff's FCRA claim fails.

B.      Invasion of Privacy

Plaintiff next attempts to bring a claim for invasion of privacy, alleging generally that Defendant improperly obtained her personal and private information. *See* Compl. at ¶ 26. Plaintiff further alleges that Defendant "may be guilty of identity theft under the state and federal law." *Id.* To state a claim for invasion of privacy, the plaintiff must allege: (1) an intentional intrusion by the defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to the reasonable person. *See, e.g.*, *Hernandez*, 2015 WL 1204985, at *4. "The tort also has a public disclosure requirement, which contemplates disclosure to more than individuals or small groups." *Id.* (citing *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994)). Plaintiff's complaint fails to state a claim for invasion of privacy for several reasons.

First, Plaintiff's state law claim is preempted by federal law. "Courts have interpreted [15 U.S.C.] § 1681t(b)(1)(F) to preclude all state common law and statutory claims, to effect Congress'

intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." *O'Connor*, 2014 WL 2215965, at *8 (quoting *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012)). Plaintiff's claim in this case is that Defendant is a debt collector that improperly obtained her social security number, a claim that is squarely preempted by federal law. *See, e.g.*, *Hernandez*, 2015 WL 1204985, at *4.

Second, even if Plaintiff's claim were not preempted, Plaintiff has failed to allege sufficient facts to state a claim for relief. Plaintiff has not alleged facts of any "intentional intrusion" at all, let alone one that is "highly offensive" to a reasonable person. To the contrary, it appears that Defendant is the beneficiary of Plaintiff's loan, which logically means that Defendant would have access to her social security number as a creditor. *Cf. id*.

For these reasons, Plaintiff's invasion of privacy claim fails.

C.   Negligent Hiring and Supervision

Plaintiff next asserts a claim for "negligent, wanton, and/or intentional hiring supervision of incompetent employees or agents." *See* Compl. at ¶¶ 28-30. To state a claim for negligent training and supervision, a "plaintiff must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Cave*, 2015 WL 3832252, at *4. "Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013). Nonetheless, an employee's wrongful behavior does not, standing alone, give rise to a claim for negligent training and supervision. *Id.* Claims for negligent hiring depend on an employer breaching its "general duty to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hernandez*, 2015 WL 1204985, at *5 (quoting *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1227 (1996)). Plaintiff's complaint fails to state a claim for negligent hiring and supervision for several reasons.

Plaintiff did not plead any facts establishing that Defendant "owed [her] a duty of care, as [s]he does not name specific employees, does not identify the alleged incompetence, or otherwise describe

the conduct giving rise to the cause of action." *O'Connor*, 2014 WL 2215965, at *9. "In addition, plaintiff has not alleged that [Defendant] failed to conduct reasonable background checks, or alleged any facts which suggests this is plausible." *Hernandez*, 2015 WL 1204985, at *5; *see also Cave*, 2015 WL 3832252, at *4.

For these reasons, Plaintiff's negligent hiring and supervision claim fails.

D.      Fair Debt Collection Practices Act

Plaintiff lastly asserts a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To state a claim under the FDCPA, a plaintiff must allege: (1) that she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal reasons; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See, e.g.*, *Hernandez*, 2015 WL 1204985, at *6. Plaintiff's complaint fails to state a claim under the FDCPA.

The FDCPA applies only to defendants who fit within the statutory definition of a "debt collector." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008). The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Ninth Circuit has rejected a *per se* rule that a "creditor" can never qualify as a "debt collector." *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 n.2 (9th Cir. 2013). Instead, the Court looks to whether the plaintiff has pled "factual content that allows the court to draw the reasonable inference" that the defendant is a debt collector. *Id.* at 1208.

While Plaintiff repeatedly labels Defendant as a "debt collector," such conclusory allegations are insufficient. *Cf. Iqbal*, 556 U.S. at 678. Plaintiff alleges that Defendant "continues to make attempts at collection of the alleged debt through erroneous credit reporting." Compl. at ¶ 35. But Plaintiff has

1    failed to plead any facts showing (1) that the "principal purpose" of Defendant's business is debt

2    collection, (2) that Defendant regularly collects–or attempts to collect–debts owed or due another, or (3)

3    that Defendant was assigned a defaulted loan for the purpose of debt collection, which is generally

4    required for a finding of debt collector status. *Hernandez*, 2015 WL 1204985, at *6. Without such

5    allegations, Plaintiff's conclusory allegations that Defendant is a "debt collector" are plainly insufficient.

6    *See id.*[5]

7         For these reasons, Plaintiff's FDCPA claim fails.

8         E.    Validity of Assignment

9         Plaintiff's complaint lists four causes of action, alleging claims for invasion of privacy, negligent

10   hiring and supervision of employees, violations of the Fair Credit Report Act, and violations of the Fair

11   Debt Collection Act. Docket No. 1. In addition, however, Plaintiff appears to be attempting to bring

12   a cause of action premised on the assertion that the assignment of the deed of trust to Defendant was

13   invalid. *See* Compl. at p. 13 (prayer for relief, seeking "[t]hat this Court declare (delcaratory relief) that

14   defendant did not acquire any interest in the alleged debt and or real property"); *see also* Compl. at ¶ 42

15   ("Plaintiff seeks judicial determination as to whether the recorded Assignment of Deed of Trust

16   (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the

17

18

19        [5] Defendant also argues that Plaintiff has failed to allege that Defendant violated the FDCPA. The
20   Court agrees in part. Plaintiff's complaint merely restates several provisions of the FDCPA without pleading
     any facts suggesting that those provisions were violated here by Defendant. *See* Compl. at ¶ 36. Indeed,
21   Plaintiff prefaces that recitation as including "possible" violations by Defendant. *See* Compl. at ¶ 36. Such
22   pleading tactics fail. *Hernandez*, 2015 WL 1204985, at *7.

23        As Defendant notes, however, Plaintiff also alleges that she served Defendant with a notice of
     dispute, that Defendant was thereafter required to cease collection activity and verify the debt pursuant to
24   15 U.S.C. § 1692g, but that Defendant continued. *See* Docket No. 21 at 9; *see also* Compl. at ¶ 35.
25   Defendant challenges those allegations on the ground that Plaintiff failed to allege that she complied with
     the timeliness requirements outlined in that section. *See id.* Defendant cites to no authority in support of
26   its contention that pleading timeliness is required in this context, and the Court agrees with those courts that
27   have rejected such an argument. *See Aguiar v. Wells Fargo Bank, N.A.*, 2012 WL 5915124, *5 n.6 (N.D.
     Cal. Nov. 26, 2012) ("There is no such pleading requirement"). Plaintiff nonetheless fails to state a claim
28   for the reasons outlined above.

1    Plaintiff's subject property"). Defendant's pending motion acknowledges these allegations, and seeks

2    dismissal of "any claims" based thereon. *See* Docket No. 21 at 4-5.

3         Rule 8 requires that a complaint contain "a short and plain statement" of the plaintiff's claims.

4    The complaint must set forth coherently who is being sued, for what relief, and on what theory, with

5    enough detail to guide discovery. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

6    Rule 8 has been violated when a complaint is needlessly long, highly repetitious, confused, or comprised

7    of incomprehensible rambling. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th

8    Cir. 2011).    While allegations of a *pro se* complaint are held to less stringent standards than formal

9    pleadings drafted by lawyers, *Hebbe*, 627 F.3d at 342, *pro se* litigants are not relieved from following

10   applicable rules of procedure, including Rule 8, *see, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*,

11   2014 WL 99295, *2 (D. Nev. Jan. 9, 2014) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

12        To the extent Plaintiff is attempting to bring a cause of action based on the invalidity of the

13   assignment to Defendant, it is not sufficiently alleged pursuant to Rule 8.  At times, Plaintiff raises

14   concerns regarding the "valuable consideration" purportedly made in exchange for the assignment and

15   whether MERS (the assignor) is named on the note. *See* Compl. at ¶¶ 42-43. Plaintiff's allegations also

16   generally raise her concern that the assignment did not actually confer any rights, title or interest to

17   Defendant. *See* Compl. at 42.  The basis for this assertion is unclear.  In addition, "declaratory relief"

18   is not a cause of action in itself, but rather it is a type of remedy. *See, e.g.*, *Toromanova v. Wells Fargo*

19   *Bank, N.A.*, 2013 WL 1314974, *5 (D. Nev. Mar. 28, 2013).  In short, the undersigned believes that the

20   complaint's allegations regarding the validity of the assignment is not sufficiently coherent to comply

21   with Rule 8's requirements.

22        For these reasons, to the extent Plaintiff is attempting to bring a claim that the assignment was

23   invalid, such a claim fails.[6]

24   ───────────────

25        [6] Defendant raises a threshold attack on any claim regarding the validity of assignment, arguing that
     homeowners lack standing to make such a challenge.  Docket No. 21 at 4-5.  In support of this proposition,
26   Defendant cites to cases involving challenges to assignments made pursuant to a Pooling and Servicing
     Agreement. *See, e.g.*, *Wood v. Germann*, 331 P.3d 859, 861-62 (Nev. 2014) (*per curiam*); *Burd v. JP*
27   *Morgan Chase*, 2013 WL 1787192, *4 (D. Nev. Apr. 25, 2013).  Defendant has not shown that a Pooling
     and Servicing Agreement pertains to this case.  Nor has Defendant explained how the cited case law would
28

1    F.    Leave to Amend

2        Plaintiff does not expressly seek leave to amend her complaint.  Nonetheless, the Ninth Circuit

3    has cautioned that "a district court should grant leave to amend even if no request to amend the pleading

4    was made, unless it determines that the pleading could not possibly be cured by the allegation of other

5    facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (citations omitted).  Most courts

6    faced with similar complaints have allowed leave to amend so that the plaintiff can attempt to cure these

7    or similar deficiencies. *See, e.g.*, *O'Connor*, 2014 WL 3315965, at *9.  While it appears unlikely that

8    Plaintiff can cure the above deficiencies, the Court will provide Plaintiff with 30 days to file an amended

9    complaint if she believes she can sufficiently allege a viable cause of action.

10   **III.    CONCLUSION**

11       For the reasons discussed more fully above, the Court hereby **GRANTS** the motion to dismiss.

12   If Plaintiff believes she can cure the above deficiencies, she must file an amended complaint no later

13   than August 24, 2015.  **The failure to file an amended complaint by that date will result in a**

14   **recommendation that the case be dismissed with prejudice.**

15       IT IS SO ORDERED.

16       DATED: July 24, 2015

17

18                                          _____
                                            NANCY J. KOPPE
19                                          United States Magistrate Judge

20

21

22

23

24   _____

25   otherwise apply in this case.  Indeed, it appears that some of the case law cited leaves open the possibility
     that a homeowner would have standing to challenge an assignment as void (as opposed to merely voidable).
26   *See Woods*, 331 P.3d at 861 & n.4 ("A scenario in which a loan assignment might be void is where the
     assignor did not possess the rights it was purporting to assign"). Because Plaintiff's claim is not sufficiently
27   clear and the pending briefing is not sufficiently developed, the Court expresses no opinion as to whether
28   Plaintiff has standing to challenge the validity of the assignment.