**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARINA CALOVE, | Case No. 2:14-cv-01329-JAD-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| NATIONSTAR MORTGAGE, LLC, | (Docket No. 43) |
| Defendant(s). | |

Pending before the Court is Defendant's Motion to Dismiss the amended complaint. Docket No. 43. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 44, 45. This motion has been referred to the undersigned by the assigned district judge. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned hereby **RECOMMENDS** that the motion to dismiss be **DENIED**.

**I.   BACKGROUND**

Plaintiff is the owner of the property located in Henderson, Nevada, which she originally purchased in 1999 for $172,054.[1] On July 30, 2002, Plaintiff quitclaimed the property to her daughter. In September 2004, Plaintiff "repurchased" the home from her daughter for $370,000. On October 5, 2005, Plaintiff executed a promissory note for $333,750, which was secured by a first deed of trust for

---

[1] The facts in this background section are taken in significant part from the Court's order granting Defendant's previous motion to dismiss. Docket No. 41.

the benefit of First Mortgage Corporation. The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and Hacienda Service Corporation as trustee. The deed of trust further stated that the servicer or beneficiary of the loan may change throughout the life of the loan.

On October 7, 2009, MERS executed a Corporate Assignment of Deed of Trust assigning certain of its rights and interests to Aurora Loan Services. The assignment was recorded on July 1, 2010. On September 18, 2012, MERS executed an Assignment of Deed of Trust assigning certain of its rights and interests to Nationstar. The assignment was recorded on September 25, 2012.

On August 14, 2014, Plaintiff filed a complaint against Nationstar alleging claims for invasion of privacy, negligent hiring and supervision of employees, violations of the Fair Credit Report Act, and violations of the Fair Debt Collection Practices Act. Docket No. 1. Defendant moved to dismiss the complaint for failure to state a claim. Docket No. 21. That motion was fully briefed, and the undersigned ultimately granted it with leave to amend. Docket No. 41.

On August 17, 2015, Plaintiff filed an amended complaint. Docket No. 42. The amended complaint brings a claim for violations of the Fair Debt Collection Practices Act. *See id.* Defendant has now moved to dismiss the amended complaint for failure to state a claim. Docket No. 43. That motion is currently before the Court.

## II.     APPLICABLE STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id*. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Moreover, where the claims in the complaint have not crossed the line from conceivable to plausible,

the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## III.   ANALYSIS

Plaintiff's amended complaint no longer attempts to plead several of the causes of action included in her initial complaint. Instead, the amended complaint is focused on a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.[2] The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To state a claim under the FDCPA, a plaintiff must allege: (1) that she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal reasons; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See, e.g.*, *Hernandez v. Wells Fargo Home Mtg.*, 2015 WL 1204985, *6 (D. Nev. Mar. 16, 2015).[3]

---

[2] Defendant argues that Plaintiff lacks standing to challenge the validity of the assignment of the Deed of Trust to Defendant. Docket No. 43 at 4. Plaintiff's response clarifies that she is not bringing a claim challenging the validity of the assignment. *See* Docket No. 44 at 3. To the extent Defendant's arguments regarding assignment are targeted at Plaintiff's FDCPA claim, they fail for the reason discussed herein.

[3] The Court granted the motion to dismiss the FDCPA claim in the initial complaint because Plaintiff failed to allege sufficient facts that Defendant is a debt collector. *See* Docket No. 41 at 6-7. Defendant does not challenge that the amended complaint sufficiently alleges it is a debt collector. Docket No. 45 at 3 ("Nationstar's [renewed] motion to dismiss is not based on an argument that it is not a debt collector").

1    Defendant's pending motion to dismiss devotes less than one page of argument to explaining

2    why it believes Plaintiff fails to state a claim under the FDCPA.  *See* Docket No. 43 at 4-5.[4]  The

3    undersigned does not find the motion persuasive.

4    First, without citation to the amended complaint or to any case law, Defendant argues that

5    Plaintiff's FDCPA claim fails because it is "based on the erroneous assertion that she no longer owes

6    any debt as a result of the assignment and purported securitization of her loan."  Docket No. 43 at 5.

7    Plaintiff's amended complaint alleges that Defendant violated the FDCPA because, *inter alia*, Plaintiff

8    served Defendant with a notice of dispute pursuant to 15 U.S.C. § 1692g but Defendant failed to verify

9    the debt as required.  Am. Compl. at ¶ 14.  Defendant fails to explain how Plaintiff's other allegations

10   regarding the validity of assignment–and the purported deficiencies with such allegations–render moot

11   her allegation that § 1692g was violated.

12   Second, Defendant argues that Plaintiff has failed to sufficiently allege a violation pursuant to

13   § 1692g because Plaintiff fails to allege specific facts showing that she timely served the notice of

14   dispute.  *See* Docket No. 43 at 5.  In making this argument, Defendant ignores the fact that the Court has

15   already addressed and rejected that argument:

16           Defendant cites to no authority in support of its contention that pleading timeliness is
17           required in this context, and the Court agrees with those courts that have rejected such
             an argument.  *See Aguiar v. Wells Fargo Bank, N.A.*, 2012 WL 5915124, *5 n.6 (N.D.
18           Cal. Nov. 26, 2012) ("There is no such pleading requirement").

19   Docket No. 41 at 7 n.5.[5]

20

21   _____

22   [4] The defendant bears the burden of demonstrating that the operative complaint fails to state a claim.
     *See, e.g.*, *Real Money Sports, Inc. v. Real Sports, Inc.*, 2013 WL 776738, *3 (D. Nev. Feb. 28, 2013).
23   Defendant's briefing on the motion leaves much to be desired.  With respect to the standing argument,
     Defendant provides three sentences of argument making sweeping legal statements followed by string
24   citations.  *See* Docket No. 43 at 4.  With respect to the FDCPA claim, Defendant cites to only one case
     regarding the elements of such a claim and otherwise fails to support its arguments with legal authority.  *See*
25   *id.* at 4-5.  The only citations to Plaintiff's allegations refer to the <u>initial</u> complaint, *see id.* at 5; Docket No.
     45 at 2, even though the operative complaint being challenged through the motion is the amended complaint.
26

27   [5] The reply argues that the amended complaint "ignores the substance of Nationstar's response to
     [Plaintiff's] purported validation demands."  Docket No. 45 at 3.  The Court generally does not consider
28   arguments raised for the first time in reply.  *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996)

1      Third, Defendant argues that Plaintiff's FDCPA claim fails because the allegations relate to

2 foreclosure and "[n]onjudicial foreclosure does not constitute an attempt to collect a debt." Docket No.

3 43 at 5.[6]  The problem that Defendant faces in this case is that it previously admitted the opposite of

4 what it now argues.  In particular, Defendant sent at least one notice to Plaintiff stating unequivocally

5 that "[t]his is an attempt to collect a debt." *See* Docket No. 42 at 12.[7]  Defendant has not discussed any

6 case law in which a court has ignored such an admission to dismiss a claim because the conduct at issue

7 related in some way to foreclosure.  Construing the allegations in the light most favorable to the

8 Plaintiff, especially given her status as a *pro se* litigant, Defendant has failed to provide persuasive

9 argument that the amended complaint fails to state a claim based on the contention that the Defendant's

10 conduct did not constitute an attempt to collect a debt.

11      In short, Defendant has failed to persuade the undersigned that Plaintiff has not adequately pled

12 an FDCPA claim based on, at a minimum, Defendant violating § 1692g.

13 **III.   CONCLUSION**

14      For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion

15 to dismiss the amended complaint be **DENIED**.

16      IT IS SO ORDERED.

17      DATED: December 28, 2015

18

19                  _____
                  NANCY J. KOPPE
20                  United States Magistrate Judge

21

22

23 (per curiam).  Moreover, Defendant provides no basis on which the Court can determine–on a motion to

24 dismiss challenging the adequacy of the pleadings–the accuracy of the allegations.  To the contrary, in ruling
on a motion to dismiss, the Court accepts the factual allegations as true.

25

26     [6] Once again, the motion cites no legal authority for this proposition.  The reply cites *O'Connor v.
JP Morgan Chase,*, 2014 WL 2216011, *8-9 (N.D. Cal. May 29, 2014).  *See* Docket No. 45 at 3.

27

28     [7] In ruling on a motion to dismiss, the Court may rely on documents attached to the complaint.  *See,
e.g.*, *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.4 (9th Cir. 2014).

NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).