UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Marina Calove,<br><br>    Plaintiff<br><br>v.<br><br>Nationstar Mortgage, LLC,<br><br>    Defendant | 2:14-cv-01329-JAD-NJK<br><br>**Order Rejecting Report and Recommendation, Granting Motion to Dismiss, Denying Motion to Strike, and Denying Motion to Expunge Lis Pendens**<br><br>[ECF Nos. 43, 46, 49, 51] |

    Marina Calove sues Nationstar Mortgage under the federal Fair Debt Collection Practices Act (FDCPA).[1] Nationstar moves to dismiss.[2] Magistrate Judge Koppe reviewed the motion to dismiss and recommends that I deny it because Nationstar did not meet its burden to show that Calove's amended complaint fails to state a claim under the FDCPA.[3] Nationstar objects,[4] and Calove moves to strike Nationstar's objection as untimely.[5] I deny Calove's motion to strike because Nationstar's objection is timely. Having reviewed the objected-to portions of the report and recommendation de novo, I find that Nationstar has now demonstrated that Calove has pled herself out of a viable FDCPA claim, so I reject the report and recommendation, grant Nationstar's motion to dismiss, and direct the Clerk of Court to close this case.[6]

---

[1] ECF No. 42.

[2] ECF No. 43.

[3] ECF No. 49.

[4] ECF No. 50.

[5] ECF No. 51.

[6] I find these matters suitable for disposition without oral argument. L.R. 78-1.

**Background**

**A.    The subject property**[7]

Calove purchased the subject residence located in Henderson, Nevada, in 1999 for $172,054. On July 30, 2002, she quitclaimed the residence to her daughter, but she repurchased it two years later for $370,000. On October 5, 2005, Calove executed a promissory note for $333,750 that was secured by a first deed of trust for the benefit of First Mortgage Corporation. The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and Hacienda Service Corporation as trustee and stated that the servicer or beneficiary of the loan could change.

On October 7, 2009, MERS—as nominee for the beneficiary—assigned the beneficial interest in the deed of trust and the note to Aurora Loan Services, LLC. The assignment was recorded about nine months later. On September 18, 2012, MERS reassigned the deed of trust to Nationstar. That assignment was recorded on September 25, 2012.

**B.    Procedural history**

Calove initially asserted three claims for relief under the FDCPA, FCRA, and Nevada-state law.[8] And on After Judge Koppe dismissed the complaint with leave to amend on Nationstar's motion because Calove did not sufficiently allege that Nationstar is a debt collector,[9] Calove filed a streamlined amended complaint asserting a single claim under the FDCPA. She now alleges that Nationstar is attempting to collect from her a debt without complying with section 1692g(b), which requires a debt collector who receives a timely notice of dispute from the alleged debtor "to cease all collection activity until the debt collector obtains verification of the alleged debt."[10] She alleges that after Nationstar sent her a collection letter, she served this debt collector with a notice of dispute

---

[7] These facts are taken from Magistrate Judge Koppe's reports and recommendations. ECF Nos. 48, 41. These facts are also supported by Nationstar's exhibits A–H, which I take judicial notice of under FRE 201 because they are public records and their authenticity cannot reasonably be questioned.

[8] ECF No. 1.

[9] ECF No. 41 at 7.

[10] ECF No. 42 at ¶ 14.

under 15 USC 1692g, and Nationstar failed to provide her with proof of the debt, as the statute requires.[11]

Nationstar responded to the amended complaint with a five-page motion to dismiss the amended complaint.[12]  Noting that Nationstar devoted less than one page of that thin motion to explaining why Calove's pleading fails to state an FDCPA claim,[13] Magistrate Judge Koppe concluded that Nationstar had "failed to provide persuasive argument that the amended complaint fails to state a claim . . . ."[14]  She thus recommends that I deny Nationstar's motion.

Nationstar expanded on its placeholder motion in its objection to Judge Koppe's report and recommendation.[15]  For the first time, Nationstar now clearly argues that Calove's claim fails because she alleges that she sent the request for validation outside of the 30-day period prescribed by the statute and has therefore pled herself out of a viable claim.[16]  Calove moves to strike Nationstar's objection as untimely.[17]

**Discussion**

A.  **Standards of review**

A district judge reviews objections to a magistrate judge's proposed findings and recommendations de novo.[18]  "The district judge may accept, reject, or modify the recommendation,

---

[11] *Id.* at ¶ 14.

[12] ECF No. 43.

[13] ECF No. 49 at 4.

[14] *Id*. at 5.

[15] ECF No. 50.

[16] Calove alleges that she received the dunning notice on April 18, 2014, and that she served Nationstar with her notice of dispute on July 25, 2014.  ECF No. 42 at ¶¶ 6, 7.

[17] ECF No. 51.

[18] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

1 receive further evidence, or resubmit the matter to the magistrate judge with instructions."[19] The
2 standard of review applied to the unobjected-to portions of the report and recommendation is left to
3 the district judge's discretion.[20] Local Rule IB 3-2(b) requires de novo consideration of specific
4 objections only.[21]

**B.     Motion to Strike Objection as Untimely**

Calove moves to strike Nationstar's objections to the report and recommendation as untimely.[22] Objections to the report and recommendation were due January 14, 2016,[23] and Nationstar filed its objection on that day.[24] Accordingly, I deny Calove's motion to strike Nationstar's objection,[25] and I consider Nationstar's timely objection, to which Calove has provided no substantive response.[26]

**C.     Motion to Dismiss**

Under § 1692g(b), a consumer has 30 days from the date of the initial communication with the debt collector to dispute the debt and request verification. If the consumer timely disputes the debt, the debt collector must cease collecting the debt until it has obtained verification of the debt and sent it to the consumer.[27]

---

[19] *Id.*

[20] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

[21] *See* L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[22] ECF No. 51.

[23] ECF No. 49.

[24] ECF No. 50.

[25] ECF No. 51.

[26] *See* ECF No. 52.

[27] 15 U.S.C. § 1692g(b).

By Calove's own admissions, her request was more than three months late: she pleads that she received the dunning documents on April 18, 2014, and notified Nationstar that she was disputing the debt on July 25, 2014.[28] This timeline is also consistent with the exhibits attached to Calove's amended complaint.[29] Because Calove did not timely dispute the debt, Nationstar did not violate the statute by failing to provide the requested verification, and Calove cannot state a viable FDCPA claim based on her facts.

Though, as Magistrate Judge Koppe noted, Nationstar's motion to dismiss is not a model of clarity and the legal authority it cites to support its position is thin, Calove's amended complaint fails on its face. I agree with the magistrate judge that a plaintiff need not allege specific facts showing that she timely served the notice of dispute to state a plausible claim for relief.[30] Had Calove not alleged the dates that she received notice of the debt and disputed it, her amended complaint likely would survive Nationstar's dismissal motion. But because the specific dates Calove alleges in her amended complaint clearly show that her notice of dispute was untimely, her § 1692g claim is implausible on its face and must be dismissed. And because Calove has already been given leave to amend her complaint and her fatal untimeliness problem cannot be cured by amendment, I find that leave to amend would be futile, and I dismiss her complaint with prejudice and without leave to amend.

**D.  Motion to Expunge Lis Pendens**

Finally, Nationstar has filed a motion to expunge a lis pendens. In it, Nationstar asks to expunge "the lis pendens recorded by plaintiff Marina Calove in conjunction with this action as Document No. 201409090000026 in the official records of Clark County[,] Nevada."[31] Although

---

[28] ECF No. 42 at ¶ 6–7.

[29] ECF No. 42 at 12–16. These documents show that Nationstar received the validation request on July 28, rather than July 25, 2014. Either way, it was too late to trigger Nationstar's obligations under the statute.

[30] ECF No. 49 at 4.

[31] ECF No. 46 at 1.

Nationstar attaches 50 pages of recorded documents to its motion,[32] there is no lis pendens among them. Because Nationstar has not demonstrated that Calove recorded a lis pendens, it has not shown that this requested relief is necessary at this time. Accordingly, the motion to expunge is denied without prejudice.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **the report and recommendation [ECF No. 49] is REJECTED, Calove's motion to strike [ECF No. 51] is DENIED, and Nationstar's motion to dismiss [ECF No. 43] is GRANTED. This case is dismissed with prejudice.**

IT IS FURTHER ORDERED that **Nationstar's motion to expunge the lis pendens [ECF No. 46] is DENIED.**

The Clerk of Court is directed to enter judgment in favor of the defendant and against the plaintiff and CLOSE THIS CASE.

Dated this 27th day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[32] *See* ECF No. 46-1--46-8.